UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DONNA WILLIAMS,

        Plaintiff,

    -against-

Chief KUAKEL; Inspector MADDEN;
Lt. DONAHUE; Sgt. CONTINO; Sgt.
HANLEY; P.O. THOMPSON;
CITY OF NEW YORK; NEW YORK
CITY POLICE DEPARTMENT; JANE
& JOHN DOE, employees of the NYPD
assigned to 107th Pct.; JANE & JOHN
DOE, employees of the NYPD
assigned to 105th Pct.; JANE & JOHN
DOE, employees of the NYPD
assigned to Queens Central Booking;
JANE & JOHN DOE, employees of the
Queens County District Attorney Office,

        Defendants.
---------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 5 2006
P.M.
TIME A.M.

DOCKET & FILE

**MEMORANDUM and ORDER**

06-CV-5990 (SLT)(LB)

TOWNES, United States District Judge:

    Plaintiff Donna Williams, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 seeking damages from defendants for, *inter alia*, false arrest, false imprisonment and malicious prosecution. Plaintiff also alleges violations of state laws. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed in part and plaintiff is directed to file an amended complaint within 30 days from the date of this order.

### Background

    Plaintiff describes two incidents where she was arrested in connection with her relationship with her boyfriend, a police officer named Detective Manns. On March 27, 2006, plaintiff alleges she was arrested for vandalizing her boyfriend's car. Compl. ¶ III, p.1. Plaintiff was apparently released, but she is silent as to the ultimate disposition of this arrest.



On the following day, March 28, 2006, plaintiff alleges that she was again arrested this time for violating an order of protection by contacting her boyfriend's sister. Compl. ¶ III, p.2. Plaintiff alleges that unnamed police officers denied her request for medical attention for the numerous Valium pills she had ingested prior to letting the police into her apartment. Plaintiff further alleges that she was eventually taken to the hospital when she passed out at the police station. At the hospital, a police officer removed her shackles and cuffs and told her she was free to go home and that "the arrest was voided and all charges [were] dismissed." Compl. ¶ III, p.4

## **Standard of Review**

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, pursuant to the *in forma pauperis* statute, the Court shall dismiss a complaint "at any time" if it determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998). As for plaintiff's state law claims, the Court may decline to exercise jurisdiction over the state law claims if the federal claims against defendants are dismissed. See Valencia v. Sung M. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

### Discussion

In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 itself creates no substantive rights; it provides only a procedure for redress of the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). The claims against the City of New York, the New York City Police Department, the Supervisory Defendants and the Queens County District Attorney's Office are hereby dismissed as set forth below.

A. City of New York - Municipal Liability

In order to state a claim against the City of New York, plaintiff must allege that the constitutional violations resulted from a municipal policy or custom. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); Amnesty America v. Town of West Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004). "Demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees." Amnesty America, 361 F.3d at 125. *Respondeat superior* cannot be used to establish municipal liability under § 1983. Monell, 436 U.S. at 694. A plaintiff is required to allege both the existence of a policy or custom and a causal connection between that policy and the unconstitutional conduct. Perez v. City of New York, No. 97 CV 2915, 2002 WL 398723, at *2 (E.D.N.Y. Mar. 14, 2002). Generally, allegations of a single, isolated incident of police misconduct will not suffice. See Dwares v. City of New York, 985 F.2d

94, 100 (2d Cir. 1993); McLaurin v. New Rochelle Police Officers, 373 F.Supp.2d 385, 401 (S.D.N.Y. 2005). Notwithstanding plaintiff's conclusory allegation that the City of New York has engaged in an official policy, see Compl. ¶ IV, there are no facts alleged in the complaint to support such a claim. Even liberally construing plaintiff's claim, nothing suggests that the alleged constitutional violations were attributable to any municipal policy or custom. The Court, therefore, dismisses the claims against the City of New York pursuant to 28 U.S.C. § 1915(e)(2)(B), but grants plaintiff leave to replead within 30 days.

B.  New York City Police Department

Furthermore, plaintiff cannot commence a § 1983 action against the New York City Police Department. A city agency lacks independent legal existence and therefore is not a suable entity. Lauro v. Chase, 219 F.3d 202, 205 n.2 (2d Cir. 2000); Warner v. Village of Goshen Police Dep't, 256 F.Supp.2d 171, 176 (S.D.N.Y. 2003) (dismissing claims against police department); Davis v. Lynbrook Police Dep't, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002) (same). The New York City Charter provides that [a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17, § 396. Therefore, the claims against the New York City Police Department are hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

C.  Supervisory Defendants - Lack of Personal Involvement

The claims against Chief Kuakel, Inspector Madden, Lt. Donahue, Sgt. Contino and Sgt. Hanley, and the Central Booking Supervisor (collectively the "Supervisory Defendants") are hereby dismissed. As a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation, Wright v. Smith,

21 F.3d 496, 501 (2d Cir. 1994); see generally Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (setting out five-factor test for assessing supervisory official's personal involvement). It is well-settled that liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines. Monell, 436 U.S. at 691.

Here, not only does plaintiff fail to allege any facts against these defendants – who all hold supervisory positions – she also fails to demonstrate that these Supervisory Defendants had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. See, e.g., Collins v. Goord, No. 05 Civ. 7484 (MBM), 2006 WL 1928646, at *15 (S.D.N.Y. Jul. 11, 2006) (dismissing claims against supervisory defendants because plaintiff did not state any facts against the supervisory defendants). Since the claims against these Supervisory Defendants, as presently stated, can be supported only on the basis of the *respondeat superior* or vicarious liability doctrines, which are not applicable to § 1983 actions, the claims against these defendants are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); however, the Court grants plaintiff leave to replead within 30 days.

D.   Queens County District Attorney's Office

Plaintiff identifies Jane and John Doe employees of the Queens County District Attorney's Office as defendants, but does not allege any facts to support a claim against any such employees in her statement of claim. However, to the extent plaintiff seeks to hold an assistant district attorney liable for prosecuting her in connection with any of the arrests described in the complaint, those claims are dismissed. Prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81 (2d Cir.

1994); Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (prosecutor's immunity applies not only in the courtroom, but also in connection with the decision whether or not to commence a prosecution). The Court dismisses the claims against Jane and John Doe employees of the Queens County District Attorney's Office, but grants plaintiff 30 days leave to replead.

E.     Claims of False Arrest, False Imprisonment and Malicious Prosecution

Plaintiff alleges that she was falsely arrested, imprisoned and maliciously prosecuted for the arrests made on March 27, 2006 and on March 28, 2006. Complaint at ¶ IV. In order to allege a false arrest or false imprisonment claim, plaintiff must show that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); see also Weyant v. Okst, 101 F.3d 845, 853 (2d Cir. 1996). The existence of probable cause is an absolute defense to a false arrest and false imprisonment claim. Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006). Similarly, to succeed on her claim of malicious prosecution, plaintiff must demonstrate that the prosecution lacked probable cause for bringing the criminal proceeding against plaintiff and that the criminal proceeding ended in plaintiff's favor. Posr v. Court Officer, 180 F.3d 409, 417 (1999); see also Green v. Montgomery, 219 F.3d 52, 59 (2d Cir. 2000). "Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (citation omitted). The Court grants plaintiff leave to replead these claims against the individual defendants personally involved in each distinct claim within 30 days.

## Leave to Amend

In light of plaintiff's *pro se* status, the Court affords plaintiff an opportunity to replead her claims of false arrest, false imprisonment and malicious prosecution within 30 days from the date of this Order. Plaintiff's amended complaint must identify the individuals personally involved in the alleged deprivation of her constitutional rights. If plaintiff cannot identify the individuals within the time allowed, she may name John/Jane Does as defendants but she must provide descriptive information, such as a physical description, place of employment, rank, date and time of incident. Plaintiff must provide a short and plain statement of what each defendant allegedly did or failed to do. Fed. R. Civ. P. 8(a)(2). The amended complaint must be captioned, "AMENDED COMPLAINT" and bear the docket number 06-CV-5990 (SLT).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to the New York City Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to this defendant.

The claims against the City of New York, Jane and John Doe, employees of the Queens County District Attorney's Office, Chief Kuakel, Inspector Madden, Lt. Donahue, Sgt. Contino, Sgt. Hanley and the Central Booking Supervisor are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to replead. The Court also grants plaintiff leave to replead her claims of false arrest, false imprisonment and malicious prosecution against the remaining defendants. Plaintiff is hereby directed to file an amended complaint within 30 days in order to proceed with this action as set forth above. All proceedings shall be stayed for 30 days to allow plaintiff to replead. Failure to file an amended complaint within the time allowed shall result in dismissal of this action.

The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
November *13*, 2006